UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| West Bend Insurance Company, | Court File No. |
| Plaintiff, | |
| vs. | **COMPLAINT FOR DECLARATORY JUDGMENT** |
| Isanti County Agricultural Society; and Kayla Wines, Trustee for the next of kin of Joshua Wines, | |
| Defendants. | |

Plaintiff West Bend Insurance Company, by and through its undersigned attorneys, and for its Complaint for Declaratory Judgment against Defendants Isanti County Agricultural Society, Inc. ("ICAS") and Kayla Wines, Trustee for the Next of Kin of Joshua Wines, states and alleges as follows:

## **NATURE OF THE ACTION**

1.     This is a civil action seeking declarations pursuant to 28 U.S.C. § 2201 concerning the respective rights, duties, and obligations, if any, of West Bend and ICAS under a commercial general liability policy (No. 1092375-17) that West Bend issued to ICAS (the "Policy"), in connection with the allegations and claims asserted against ICAS by Kayla Wines in a lawsuit pending in Minnesota District Court, Isanti County, captioned *Kayla Wines, Trustee for the next of kin of Joshua Wines v. Isanti County Agricultural Society, Inc.,* but which has not yet been filed with the court (the "Wines Lawsuit").

2.     ICAS tendered the Wines Lawsuit to West Bend, seeking a defense and

1

indemnity under the Policy, and West Bend denied coverage on grounds that the Policy's Exclusion - Athletic or Sports Participants wholly bars coverage for the allegations and claims asserted against ICAS in the Lawsuit.

3. A justiciable controversy thus exists between West Bend and ICAS that requires declarations by this Court of the respective rights, duties, and obligations, if any, of West Bend and ICAS under the Policy in connection with the allegations and claims asserted against ICAS in the Wines Lawsuit. Specifically, West Bend seeks declarations that it is not obligated to defend or indemnify ICAS under the Policy in connection with any of the allegations and claims asserted against it in the Wines Lawsuit.

4. West Bend also seeks to bind Kayla Wines to the declarations sought in this lawsuit with regard to the rights, duties, and obligations, if any, of West Bend and ICAS under the Policy as she has an interest in such declarations as the claimant in the Wines Lawsuit and should be bound by such declarations.

### THE PARTIES

5. West Bend is a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Wisconsin.

6. Upon information and belief, ICAS is a nonprofit corporation organized and existing under the laws of the State of Minnesota, with its principal place of business in Minnesota.

7. Upon information and belief, Kayla Wines is a citizen of the State of Minnesota.

2

**JURISDICTION AND VENUE**

8.      This Court has subject-matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and West Bend is not a citizen of the same state as either Defendant.

9.      Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this action occurred within the geographical confines of this judicial district.

10.     This Court has authority pursuant to 28 U.S.C. § 2201 to grant the declaratory and other relief requested by West Bend.

**THE WINES LAWSUIT**

11.     On or about June 30, 2026, Kayla Wines, Trustee of the next of kin of Joshua Wines, commenced the Wines Lawsuit against ICAS in Isanti County District Court.  A true and correct copy of Wines's Summons and Complaint in the Wines Lawsuit is attached hereto as Exhibit A.

12.     The Complaint in the Wines Lawsuit alleges that on July 17, 2025, Joshua Wines participated as a driver in a stock truck race conducted at the Isanti County Fairgrounds "Night of Destruction" event in the City of Cambridge.

13.     The Complaint further alleges that the "Night of Destruction" stock truck race consisted of participants operating motor vehicles on dirt oval racetrack in competition with one another for placement, prizes and/or prize money.

14.     The Complaint further alleges that the event was represented and conducted as a race, rather than a demolition derby, and participants were expected to navigate the

3

track and compete for position while completing laps around the course.

15.     The Complaint alleges that ICAS owned, leased, occupied, possessed, controlled, managed, operated, inspected, prepared, and maintained the racetrack and event premises and exercised authority over the conduct of the raced event, including participant safety, track conditions, race operations, and decisions regarding whether racing would continue under existing conditions.

16.     The Complaint further alleges that during the "Night of Destruction" event, the condition of the racetrack progressively deteriorated, resulting in the development of increasingly hazardous track conditions.

17.     The Complaint further alleges that despite known hazards and prior incidents, ICAS failed to properly maintain, grade, repair, or otherwise remediate the first-turn ruts and surface defects and failed to wet down the drack or deploy a water truck to improve traction and reduce dust and surface instability.

18.     The Complaint further alleges that ICAS failed to conduct reasonable inspections, delays, cautions, or safety holds between races to address the deteriorated and hazardous track conditions, including on the first turn.

19.     The Complaint alleges that during the subject stock truck race, Joshua Wines' truck encountered the hazardous first-turn surface, flipped on the first turn, and came to a rest in a manner that resulted in fatal injuries.

20.     The Complaint alleges Joshua Wines' next of kin suffered pecuniary loss, loss of advice, comfort, assistance, companionship, and protection, as well as funeral and burial expenses and other damages as a result of the Incident and Josh Wines' death.

21.     The Complaint also seeks damages to the extent Josh Wines experienced any conscious pain, suffering, fright, and mental anguish prior to his death.

22.     The Complaint asserts the following claims for relief:

a.      Count I - Negligence in Creating a Risk to Others;

b.      Count II – Negligence Arising out of Assumption of Duty;

c.      Count III – Negligent Hiring, Training, Supervision and Retention; and

d.      Count IV – Vicarious Liability.

## THE POLICY

23.     West Bend and ICAS were parties to the Policy, which was in effect from July 1, 2025 to July 1, 2026, the terms, conditions, definitions, provisions, limitations, exclusions, and endorsements of which speak for themselves. A certified copy of the Policy is attached hereto as Exhibit B.

24.     The Policy contains a Commercial General Liability Coverage Form (CG 00 01 04 13), which provides, in pertinent part, as follows:

> Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.
>
> Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.
>
> The word "insured" means any person or organization qualifying as such under Section **II** – Who Is An Insured.

5

Other words and phrases that appear in quotation marks have special meaning. Refer to Section **V** – Definitions.

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1. **Insuring Agreement**

   a.    We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" * * * to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" * * * to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. * * *

2. **Exclusions**

   This insurance does not apply to:

   * * *

25.    ICAS is the Named Insured shown in the Policy Declarations.

26.    The Policy contains the following Exclusion – Athletic or Sports Participants endorsement (Form CG 21 01 12 19), which modifies insurance provided under the Commercial General Liability Coverage Part of the Policy as follows:

6

**SCHEDULE**

| Description Of Operations: |
| --- |
| All athletic and sports participants are excluded, all drivers, riders, crew, and officials of tractor pulls, demolition derby, moto cross, ATV race, and rodeo participants are excluded. |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. |

The following is added to Paragraph **2. Exclusions** of **Section I – Coverage A – Bodily Injury And Property Damage Liability**:

All athletic sports participants are excluded, all drivers, riders, crew, and officials of tractor pulls, demolition derby, moto cross, ATV race, and rodeo participants are excluded.

With respect to any operations shown in the Schedule, this insurance does not apply to "bodily injury" to any person arising out of practicing for or participating in any sports or athletic contest or exhibition that you sponsor.

This exclusion applies even if the claims against any insured allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others by that insured, if the "occurrence" which caused the "bodily injury" involved practicing for or participating in any sports or athletic contest or exhibition that you sponsor.

27.    West Bend incorporates by reference all other terms, conditions, provisions, definitions, limitations, exclusions, and endorsements of the Policy into this Complaint as if fully set forth herein.

28.    West Bend contends none of the allegations and claims asserted against ICAS in the Wines Lawsuit are covered under the Policy.

7

## COUNT I – DECLARATORY JUDGMENT – ICAS

29.    West Bend repeats and reiterates each and every allegation contained in Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30.    An actual controversy exists between West Bend and ICAS as to whether West Bend is obligated under the Policy to defend or indemnify ICAS in connection with the allegations and claims asserted against ICAS in the Wines Lawsuit.

31.    The Policy's terms, conditions, definitions, provisions, limitations, exclusions and endorsements, all of which speak for themselves, govern the rights, duties, and obligations, if any, of West Bend and ICAS in connection with the allegations and claims asserted against ICAS in the Wines Lawsuit.

32.    The Policy's terms, conditions, definitions, provisions, limitations, exclusions and endorsements, when applied to the allegations and claims asserted against ICAS in the Wines Lawsuit, in light of Minnesota law, establish that West Bend has no duty to defend or indemnify ICAS in connection with any of the allegations and claims asserted against ICAS in the Wines Lawsuit.

33.    West Bend has no duty to defend or indemnify ICAS in connection with the allegations and claims asserted against ICAS in the Wines Lawsuit, including without limitation because the allegations and claims asserted against ICAS seek to impose liability on ICAS for damages because of injuries and death suffered by Joshua Wines while participating as a driver in a the "Night of Destruction" event sponsored by ICAS and are therefore wholly barred by the Policy's Exclusion - Athletic or Sports Participants.

34.    West Bend is entitled to a declaration that it has no obligation under the

8

Policy to defend or indemnify ICAS in connection with the allegations and claims asserted against ICAS in the Wines Lawsuit.

### COUNT II – DECLARATORY JUDGMENT – KAYLA WINES

35. West Bend repeats and reiterates each and every allegation contained in Paragraphs 1 through 34 of the Complaint as though fully set forth herein.

36. As the claimant in the Wines Lawsuit and thus a person with an interest in the outcome of this lawsuit, West Bend is entitled to a declaration binding Kayla Wines to the declaration sought in Count I of this Complaint.

WHEREFORE, West Bend demands judgment against as follows:

A. Declaring that West Bend does not now and never has had any obligation under the Policy or otherwise to defend or indemnify ICAS in connection with the allegations and claims asserted against ICAS in the Wines Lawsuit;

B. Declaring that Kayla Wines is bound by the Court's declaration as to coverage under the Policy in this lawsuit; and

C. Ordering such other and further relief as the Court shall deem just and equitable.

Respectfully submitted,

Dated: July 29, 2026                    O'MEARA WAGNER, P.A.

*s/ Lance D. Meyer*
Lance D. Meyer (# 393073)
7401 Metro Boulevard, Suite 600
Minneapolis, MN 55439-3034
(952) 831-6544
ldmeyer@olwklaw.com

***Attorneys for Plaintiff West Bend Insurance
Company***

10